J2FITZSIMMONS, J.
Mr. Daniel Patrick Franz appealed a judgment of partition of community property rendered by the trial court on March 6, 1998. Mr. Franz assigned error to the trial court’s failure to require his former wife, Mrs. Maureen Franz, to pay: (1) past taxes owed on the basis of an IRS audit, and (2) interest owed to Mr. Franz on a community asset, the family home.
TAX DEBT
The debt owed was from tax years 1993 and 1994. During that time, the couple was married. For tax years 1993 and 1994, Louisiana did not have an “innocent spouse” rule. See LSA-R.S. 47:101 (innocent spouse rule, added in 1995, is effective for tax periods after 1994). Whether the debt was community must be decided based on community property law: not the findings of the IRS. See La.C.C. arts. 2359-62.
*725 Upon audit by the IRS, Mr. Franz did not have adequate substantiation for certain claimed deductions. The deductions were disallowed. There followed a re-calculation of the community business income. It was determined that the taxes for the questioned two years of the marriage, specifically the self-employment tax, were underpaid.
Both former spouses worked. Mrs. Franz was a clerical assistant and Mr. Franz was self-employed in the community business. They filed a joint return. The former spouses do not argue that they owe each other reimbursement of community funds used to satisfy the obligations of social security and self-employment taxes paid over the course of the marriage. The issue asserted is whether the tax debt owed for the underpaid 1993 and 1994 self-employment taxes was a community debt.
Under the circumstances here, we find that the obligation benefited the community. The type of tax in this particular case is irrelevant to the analysis. Generally, the less tax owed or paid, the more community funds are available for use by the community. Social security and self-employment taxes are federally mandated deductions from income. In this case, it was community income. The taxes are necessary expenses of the spouses’ income. Social security tax was deducted by Mrs. Franz’s employer. Because Mr. Franz was self-employed in a community business, he had to do his own calculation and deduction for social security tax due from the community business income. That deduction is called self-employment tax. It is clear that the tax liability arose during the community regime, and the tax burdens were incurred “for the common interest of the spouses,” that is, for usable community income. La.C.C. art. 2360; Usee La.C.C. arts. 2361-62. For these reasons, the additional tax owed because of the disallowed deductions is a community obligation, and must be split equally between the parties.
Mrs. Franz benefited from the community business gains during the marriage. This being so, she must share in the losses. The error by Mr. Franz, his failure to keep records deemed sufficient by the IRS for his claimed business deductions, resulted from personal negligence, not intentional fraud. The result would be different in the presence of fraud or other illegality.
INTEREST
The second issue raised is whether Mrs. Franz owed Mr. Franz interest on the family home from the date of the judicial demand, until the date of the partition. The interest was not an issue at trial. It was not demanded from Mrs. Franz until after the judgment was signed.
The trial court valued the home at the time of the partition. LSA-R.S. 9:2801(4)(a). Both co-owners benefited from the appreciation in value that occurred until the partition. The judgment that awarded the home to Mrs. Franz, also awarded Mr. Franz the benefit of a credit for his share of the home. Mr. Franz does not claim that Mrs. Franz owed him for any part of the home value after the partition. He claims only that she owed some undefined interest from the date of demand, until the partition. We note that during that period, they were co-owners.
Under the facts here, we can find no basis for an award of interest. Perhaps Mr. Franz was trying to recover perceived unreim-bursed rental payments. However, he made no claim for interest or rental payments to the trial court. By a consent judgment rendered on August 30, 1995, the couple waived “any and all rights to reimbursement that either has against the other with reference to the fair rental value of the matrimonial domicile and payment of the house note.” See LSA-R.S. 9:374 C.
CONCLUSION
For these reasons, we find absolutely no merit in Mr. Franz’s claim for interest, and affirm that part of the judgment. We do find that the trial court erred in failing to assess Mrs. Franz with her share of taxes, penalty, and interest owed for 1993 and 1994 self-employment taxes. The tax debt is to be divided equally between the parties. On that issue, the judgment is reversed. All other parts of the judgment are affirmed. The costs of the appeal are also assessed equally between Mr. and Mrs. Franz.
*726 REVERSED IN PART, AFFIRMED IN PART, AND RENDERED.